John Targowski (Bar No. 226053)
**Targowski Law Office, PLLC**
4640 Admiralty Way Ste 500
Marina Del Ray, CA 90292
Telephone: (310) 920 9177
Email: jtargo@icloud.com

Attorney for Defendant

JUAN CARLOS GUDINO

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:19-CR-00212-SVW |
|---|---|
| Plaintiff, | **DEFENDANT JUAN CARLOS GUDINO'S SENTENCING MEMORANDUM** |
| v. | **Hearing Date: February 3rd, 2020** |
| JUAN CARLOS GUDINO | |
| Defendant. | **Hearing Time: 11:00 AM** |

Defendant Juan Carlos Gudino, by and through his counsel of record, John Targowski, hereby submits this sentencing memorandum.

DATED: January 9th, 2020         Respectfully Submitted,

/s/   John Targowski
John Targowski
Attorney for Juan Carlos Gudino

# PROCEDURAL HISTORY

Mr. Gudino was arrested on February 14, 2019 by the Los Angeles County Sheriff Department after being contacted by them in his neighborhood due to his probation status and after engaging in a brief foot chase. He was arraigned in Magistrate court on March 4, 2019 pursuant to a criminal complaint filed the same day and was detained in MDC Los Angeles.

On April 5th, 2019 Mr. Gudino was named in a two count January 2019 indictment along with one other codefendant charging him with a single count of being a felon in possession of firearms and ammunition contrary to 18 U.S.C. §922(g)(1) (count 1) for conduct that occurred on February 14, 2019.

Mr. Gudino pleaded not guilty to count 1 of the indictment at a post indictment arraignment on May 13, 2019 and remained detained at MDC. After a pre-trial law and motion practice concerning allegations of an unlawful search by law enforcement, Mr. Gudino pleaded guilty to count one of the indictment on November 18th, 2019 before this Court pursuant to a plea agreement filed on November 7th, 2019 (dkt #78).

Mr. Gudino, along with the undersigned, met with USPO Yoel Hanohov on December 11, 2019 in MDC for the purposes of a presentence interview and report, which was filed with this Court on December 27, 2019 (dkt #86) along with a disclosed sentencing recommendation letter (dkt # 85) filed on the same day.

The USPO correctly determined that the total applicable offense level is 12 (PSR ¶ 24) and Mr. Gudino's total criminal history score of 29 establishes a criminal history category of VI. (PSR ¶ 44) and an advisory guideline range of 30 to 37 months incarceration in the BOP as a zone D offense.

The USPO recommends a high end guideline sentence of 37 months, that Mr. Gudino participate in the RDAP program, that he participate in an outpatient and/or residential substance abuse treatment program, that he be employed or conduct 20 hours of community service weekly, that he be open to search and seizure at reasonable times and manners, that he not associate with members of the Compton Varrio

Tortilla Flats Gang and that he be placed on 3 years of supervised release. (dkt. 85 pg. 1-7).

At the time of writing, the Government has not yet filed its sentencing position, but pursuant to the filed plea agreement, it has agreed to recommend a sentence at the low end of the applicable guideline range, which unless disputed by the Government, would mean a 30 month recommended sentence. Mr. Gudino respectfully joins the anticipated Government recommendation to sentence him to 30 months incarceration. Mr. Gudino expects to be sentenced by this Court on February 3th, 2020.

## SCORING OBJECTIONS

Mr. Gudino does not have any scoring objections to his PSIR. He believes his guidelines are correctly scored at 30 to 37 months and that he is not subject to a mandatory minimum sentence.

## FACTUAL OBJECTIONS

Mr. Gudino does not have any factual objections to his PSIR.

## 18 U.S.C. § 3553(A) FACTORS

**Mr. Gudino's Childhood and Upbringing**

Mr. Gudino was born in Compton, California in 1986 to Juan Gudino Sr. and Slyvia Espinoza-Leva. The union produced older two siblings. Mr. Gudino was raised by his parents and siblings until he was about 13. His father would drink a lot and his parents would verbally fight. His father had a falling out with his mother and left the family when Mr. Gudino was 13, moving to live with another family. Mr. Gudino has had some contact with his father since then, but feels like he "missed out on something" in his relationship with him. Mr. Gudino hopes his father would initiate contact with him and visit him in prison.

Mr. Gudino had a better relationship with his mother, though he relates that after his father left, the family struggled to provide food and all lived together in a one bedroom apartment, often having to move and never enjoying stability. Mr. Gudino recalls nights going to bed hungry, hand my down clothing from older siblings or a thrift store, and having to help his mom earn extra money by collecting recyclables. Despite this adversity, Mr. Gudino maintains a close relationship with his parents. His mother lives alone

and he would like to get a job and help her when he is eventually released, and its apparent he views her as a lifeline and guidepost. (PSR ¶ 66-72).

Mr. Gudino has frequent telephone contact with his two nephews from his older sister Carla, aged 11 and 15. When necessary, he disciplines them over the phone and relates many of his mistakes and poor decisions he made at their age, hoping that they don't repeat his trajectory. Mr. Gudino explained to the USPO that "his nephews are getting to the age where they are starting to understand his lifestyle better, and he does not want them to see him as he is." (PSR ¶ 74).

**Mr. Gudino's Chemical Dependency**

Mr. Gudino's chemical dependency is significant. His primary drug of choice is methamphetamine, a drug he began smoking at age 15, approximately 2 years after his father left the home and his living circumstances began changing. Mr. Gudino actually started smoking crack cocaine at age 12 but his habit tapered off as he replaced it with methamphetamine. Mr. Gudino admits his methamphetamine use caused him personal problems and led to incarceration. Mr. Gudino's daily marijuana habit began when he was approximately 6 years old and continued to the date of his arrest. Mr. Gudino presents as severely chemically dependent and in need of treatment in an alarming way. He has never completed drug treatment, as they have "asked too much from him" though he has expressed an interest in the BOP's RDAP program. (PSR ¶ 79-84.)

**Mr. Gudino's Sincere Remorse**

Mr. Gudino wrote a 3 page hand-written letter to the Court. He mentions that he "…wishes [he] made better choices and am embarrassed [sic] that things happened the way they did" in reference to the firearm he possessed in this case. He relates that "back in Feb 14 2019 I a gun [sic] for my protection I knew shouldn't of had. Am sorry [sic] about that and that's why am here." He further mentions that "the street life is over for me and am embarrassed it took this long to realize it. (Exh 1 pg 2).

Mr Gudino's letter further explains that his mother is by herself now and that once released he

would like to seek employment working as an automobile mechanic, a trade he would like to explore learning more about in BOP.

## CONCLUSION

Mr. Gudino's conduct is serious enough to warrant punishment by this Court. However, given his personal history, chemical dependency, and sincere remorse, a sentence of **30 months** would be sufficient, but not greater than necessary, to achieve all the statutory goals of sentencing. At the time of sentencing, Mr. Gudino will have been incarcerated 355 days since his initial arrest by the LASD and asks that he be credited for those days incarcerated prior to his initial appearance on a complaint.

DATED: January 9th, 2020            Respectfully Submitted,
/s/       John Targowski
John Targowski
Attorney for Juan Carlos Gudino

\

# Exhibits

**Exhibit 1 Client Letter to the Court**

1/7/2020

The Honorable Steven Wilson,

Thank you for takeing the time to read this letter, its a hard letter for me to write.

I grew up on the streets and had to fend for myself at a young age. Now that am a bit grow i see how difficult it was to rise a kid in tha hood. Theres a lot of problems in the hood and i grew up on the street. i didnt really know how to find my way. Since you are sentencencing me its ovious i didnt make the best choices.

The people i grew up with wern't the best role model. ~~And am not~~ that part of the

reason am here now in court. I wish i made better choices and am emberrassed that things happen the way they did.

back in feb. 14 2019 i a gun for my protection i knew shouldnt of had. am sorry about that and thats why am here. I know that why your sentencing me.

My mom is by herself now and when i get out i would like to get a job working on cars. I dont have any degrees but i think it's something i can learne about in prison. The street life is over for me and am emberrassed it took this long to relize

In another note i would like to Thank you for takeing the time to read my letter.

Juan C. Godin