NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6495
     Facsimile: (213) 894-0141
     E-mail:    kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00212-SVW |
|---|---|
| Plaintiff, | GOVERNMENTS'S SENTENCING POSITION AS TO DEFENDANT JUAN CARLOS GUDINO |
| v. | Sentencing Date: February 3, 2020 |
| JUAN CARLOS GUDINO, | Sentencing Time: 11:00 a.m. |
| Defendant. | Location:     Courtroom of the Hon. Stephen V. Wilson |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Kevin J. Butler,

hereby files its Sentencing Position as to JUAN CARLOS GUDINO.

//

//

//

//

//

//

1    This Sentencing Position is based upon the attached memorandum

2 of points and authorities, the Presentence Investigation Report, the

3 files and records in this case, and such further evidence and

4 argument as the Court ay permit.

5 Dated: January 21, 2020          Respectfully submitted,

6                                  NICOLA T. HANNA
                                    United States Attorney
7
                                    BRANDON D. FOX
8                                   Assistant United States Attorney
                                    Chief, Criminal Division
9

10                                  _____/s/_____
                                    KEVIN J. BUTLER
11                                  Assistant United States Attorney

12                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant JUAN CARLOS GUDINO ("defendant") is a ten-time convicted felon who illegally possessed a Hi-Point .45 caliber semi-automatic pistol, loaded with nine rounds of RUAG AG .45 ACP caliber ammunition.  A grand jury returned in indictment charging him with that crime in violation of Title 18, United States Code, Section 922(g)(1).  Defendant pleaded guilty to this charge on November 18, 2019, pursuant to a plea agreement.

On December 27, 2020, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR").  The USPO determined that: (1) defendant's base offense level is 14; (2) defendant's total offense level is 12; (3) defendant's criminal history category is VI; and (4) the applicable sentencing guidelines range includes 30 to 37 months' imprisonment, a term of supervised release of supervised release of one to three years, a fine from $5,500 to $55,000, and a mandatory special assessment of $100.  The UPSO's recommendation for sentencing is 37 months' imprisonment.

The government concurs with the USPO's calculation of defendant's offense level, criminal history category, and sentencing guidelines.  For the reasons outlined below, the government submits that a 30-month custodial sentence, a three-year term of supervised release, and a $100 special assessment are sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### II.   STATEMENT OF FACTS

Since 2005, defendant has been collecting criminal convictions that place him in criminal history category VI with more than twice

the needed points required for the highest and most severe criminal history category.  The long list of defendant's offenses includes vehicle theft, possession/manufacture/sale of a narcotics, and various firearm or weapon offenses.  When defendant was arrested for the instant offense, he was already on both probation and post-release community supervision.

Undeterred by past punishments for these crimes, defendant, on or about February 14, 2019, defendant against illegally possessed a loaded firearm and fled from police.

## III. THE PRESENTENCE INVESTIGATION REPORT

The USPO calculated defendant's base offense level at 14 under USSG § 2K2.1(a)(6)(A).  After a two-point downward adjustment for acceptance of responsibility under USSG §§ 3E1.1(a), (b), the USPO calculated defendant's total offense level as 12.  The government concurs with the USPO's calculation of defendant's total offense level.  The government also concurs with the USPO's calculation of defendant's criminal history score and category, which it determined, respectively, to be 27 and VI.  An offense level of 12 and criminal history category of VI yield a guidelines' imprisonment range of 30 to 37 months.

## IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 30 months' imprisonment, pursuant to its plea agreement, followed by a three-year period of supervised release, and a special assessment of $100.  The government submits that such a sentence is sufficient, but not greater than necessary, to address defendant's criminal conduct, taking into account all the factors the Court must consider under 18

2

1  U.S.C. § 3553(a).  See <u>United States v. Booker</u>, 543 U.S. 220, 260

2  (2005).

3      A 30-month term of imprisonment, which reflects a sentence near

4  the low-end of the guidelines range, appropriately reflects the

5  nature and circumstances of the offense, the history and

6  characteristics of defendant, as well as the need for the sentence to

7  promote respect for the law and afford adequate deterrence to others

8  and prevent them from possessing a firearm and ammunition as a

9  convicted felon.

10      Defendant has shown an unwillingness to follow the law.  Indeed,

11  at the time of the arrest, he was on probation for obstruction of a

12  public officer and post-release community supervision.  The

13  seriousness of defendant's criminal conduct combined with his

14  disrespect for the law warrant a custodial sentence.

15      A 30-month custodial sentence will promote respect for the law,

16  provide deterrence, and protect the community.  Defendant has been

17  sentenced to shorter terms of imprisonment for state crimes that have

18  not deterred him from engaging in criminal conduct.  A custodial

19  sentence of 30 months will send a message that possessing a semi-

20  automatic pistol as a convicted felon merits a non-trivial

21  punishment.

22      Defendant's criminal history also demonstrates the need for a

23  three-year term of supervised release once he is released from

24  custody, especially in light of the defendant's entrenched

25  connections to the Tortilla Flatts gang and association with people

26  who are actively involved in criminal activities.

27  .

28

3

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 30 months' imprisonment, 3 years of supervised release, and $100 in special assessment fees.

Dated: January 21, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____

KEVIN J. BUTLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA